No. 17-4399

# United States Court of Appeals
### FOR THE FOURTH CIRCUIT

**UNITED STATES OF AMERICA,**
  *Plaintiff-Appellee,*

v.

**SITESH BANSI PATEL,**
  *Defendant-Appellant.*

On Appeal from the United States District Court for the Western District of Virginia, Abingdon Division

**DEFENDANT-APPELLANT'S EMERGENCY MOTION FOR A STAY OF HIS SELF-SURRENDER DATE**

Shon Hopwood
Law Office of Shon Hopwood PLLC
600 First Avenue #640
Seattle, WA 98104
(402) 899-0588
shonrhopwood@gmail.com

*Counsel for Appellant Sitesh Bansi Patel*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................. i
TABLE OF AUTHORITIES ......................................................................... ii
MOTION FOR STAY IN LIEU OF FILING A MOTION FOR RELEASE PENDING APPEAL ....................................................................................... 1
CERTIFICATE OF COMPLIANCE WITH RULE 27 .............................. 6
CERTIFICATE OF SERVICE ...................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*United States v. Miller*, 753 F.2d 19 (3d Cir. 1985)..................................3

*United States v. Steinhorn*, 927 F.2d 195 (4th Cir. 1991).........................3

**Statutes**

18 U.S.C. § 1329 .......................................................................................1

18 U.S.C. § 1341 .......................................................................................1

18 U.S.C. § 3143(b).........................................................................1, 3, 4

18 U.S.C. § 371 .........................................................................................1

**Rules**

Federal Rule of Criminal Procedure 16 ....................................................4

## MOTION FOR STAY IN LIEU OF FILING A MOTION FOR RELEASE PENDING APPEAL

Following a jury trial, Defendant-Appellant Patel was convicted of five felony charges: Count One alleged a conspiracy to defraud the United States Food and Drug Administration in violation of 18 U.S.C. § 371; Count Two, alleged a conspiracy to commit mail fraud under 18 U.S.C. § 1329; and Counts Three through Five alleged mail fraud violations under 18 U.S.C. § 1341. (Doc #118).

On June 6, 2017, the district court sentenced Patel to serve eight months in the custody of the Bureau of Prisons. (Doc #145).[1] His custody was stayed pending a self-surrender at the institution designated by the Bureau of Prisons. Patel is set to surrender tomorrow on July 13, 2017.

He now moves this Court for an emergency stay of his self-surrender date to the Federal Bureau of Prisons. Patel will file a motion for release pending appeal under 18 U.S.C. § 3143(b) with this Court by July 19, 2017, and he respectfully requests that the Court stay the Patel's self-

---

[1] Patel filed a timely Notice of Appeal on June 16, 2017. (Doc. #150).

1

surrender date until Patel has filed the motion and until the Court has entered a disposition on the motion.

The district court denied the motion for release pending appeal earlier today. *See* Order, Attached. In the order, the district court concluded that Patel had not met the standards for presenting a substantial issue on appeal. *Id*. The court, however, did not conclude that Patel is a flight risk or a danger to the public. In fact, Patel was immediately released on a $25,000 unsecured bond following his arraignment and he has been out of custody and compliant with the terms of pre- and post-trial supervision set by the court and the probation office.

The standard for granting bond pending is appeal is not high. Where, as here, it is undisputed that the defendant presents no risk of flight or a danger to the community,[2] the only remaining question is whether the

---

[2] In responding to Patel's Motion for a Stay and Release Pending Appeal before the district court, the government never disputed that Patel was a flight risk or danger to the community. *See* Gov't Response to Motion for Release Pending Appeal. The charges in this case originate from actions Patel took in 2009 to 2011. Since that time, there is no allegation that Patel has been a flight risk or a danger to the public. Patel was released on a $25,000 bond in the district court and abided by all the pre- and post-trial conditions imposed by the district court and the probation office. After the district court imposed an eight-month sentence, the government never sought to modify Patel's conditions of release and

2

appeal presents "a substantial question of law or fact" that, if successful, is "likely to result in reversal or an order for a new trial on all counts on which imprisonment is imposed." *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985). A substantial issue is one in which a movant need only show that their appeal presents a "close" question or "one that very well could be decided the other way." *United States v. Steinhorn*, 927 F.2d 195, 196 (4th Cir. 1991).

If the Court finds that the appeal presents a substantial question, a defendant must also establish that the substantial question is important enough to: warrant reversal or a new trial on all counts for which the district court imprisoned the defendant, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *See Miller*, 753 F.2d at 23–24; *Steinhorn*, 927 F.2d at 196; *see also* 18 U.S.C. § 3143(b).

Patel's appeal presents at least three substantial issues. First, whether the district court erred in allowing the government to cross-

---

agreed that Mr. Patel should be allowed to surrender voluntarily. Patel therefore presents no risk of flight or a danger to the community if he were to be released.

3

examine the defendant with a document it failed to previously disclose, even though the defense had requested the disclosure under Federal Rule of Criminal Procedure 16. Second, whether the government committed prosecutorial misconduct in violation of Patel's due process rights by misleading the jury about why Patel did not appear as a custodian of records after those records were requested via a grand jury subpoena. And third, whether the government's failure to produce information about its key trial witness—who continued to violate the law while purporting to cooperate with the government—violated Patel's due process rights.

Those are substantial and weighty issues any one of which, if successful, would lead to a reversal of the judgment and a new trial. Again, if the Court grants a stay, Patel will be able to more fully brief why those issues are substantial within the meaning 18 U.S.C. § 3143(b) in his Motion for Release Pending Appeal.

4

## CONCLUSION

For the foregoing reasons, this Court should grant this Stay of Patel's self-surrender date until the Court receives and rules upon Patel's Motion for Release Pending Appeal.

Dated:  July 12, 2017             Respectfully submitted,


                                  /s/ Shon Hopwood


                                  Shon Hopwood
                                  Law Office of Shon Hopwood PLLC
                                  600 First Avenue #640
                                  Seattle, WA 98104
                                  (402) 889-0588
                                  shonrhopwood@gmail.com

                                  *Counsel for Appellant Sitesh Bansi Patel*

## CERTIFICATE OF COMPLIANCE WITH RULE 27

1. This Motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 862 words (5,200 words max), excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This Motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Century Schoolbook, Size 14.

Dated: July 12, 2017         /s/ Shon Hopwood

                             Shon Hopwood
                             Law Office of Shon Hopwood PLLC

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 12th day of July, I electronically filed the foregoing Motion for Stay of Patel's Self-Surrender date. I further certify that on this day I sent, by first Motion to the following attorneys below. Those attorneys are registered ECF participants for whom service of the Motion will be accomplished by the CM/ECF system: Steven Randall Ramseyer

                                  <u>/s/ Shon Hopwood</u>

                                  Shon Hopwood